**JELLISON LAW OFFICES, PLLC**
36889 North Tom Darlington Drive
Suite B7, Box 2800, #304
Carefree, AZ 85377
Telephone: (480) 702-0029
Facsimile : (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendant Surprise Police Department, Kopronica, Knight, and Anderson

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jabril Caldwell-Parker, <br><br>　　　　　　　Plaintiff, <br><br>vs. <br><br>Surprise Police Department, et al. <br><br>　　　　　　　Defendants. | Case No.:   2:21-cv-01088-DWL-JZB <br><br> **DEFENDANTS CITY OF SURPRISE POLICE DEPARTMENT, KOPRONICA, KNIGHT, AND ANDERSON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br>**(Jury Trial Demanded)** |

Defendants City of Surprise Police Department, Kopronica, Knight, and Anderson (collectively referred to as "Defendants"),[1] through undersigned counsel, in accordance with this Court's Order at Doc. 8 and in response to Plaintiff's First Amended Complaint (the "Complaint") (Doc. 13) admit, deny, and allege as follows:

　　　　1.　　Defendants admit that on or about May 4, 2021 personnel assigned to the Surprise Police Department responded to a dispatch for a welfare check regarding two females and a male, later identified as Plaintiff Jabril Caldwell-Parker, and during the course of the investigation identified facts supporting probable cause that Plaintiff had committed several crimes including but not limited to assault, disorderly conduct and resisting arrest.

---

[1] These are the only Defendants named in, and required by Court Order, to answer.

1

2. Defendants deny the remaining allegations contained in the Complaint.

3. Defendants demand trial by jury on all triable issues.

## AFFIRMATIVE DEFENSES

1. Although not an affirmative defense, Defendants assert Plaintiff does not state claims upon which relief may be granted.

2. Defendants assert failure to mitigate damages.

3. Defendants assert offset or application of amounts received.

4. Defendants assert statute of limitations.

5. Defendants assert entitlement to all immunities and justifications applicable under federal or state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified, including, but not necessarily limited to, those immunities afforded pursuant to A.R.S. §§12-820.01, -820.02, -820.04, -820.05, and A.R.S. §§ 13-401 through -413, federal case law, and common law.  They further assert punitive damages are not authorized and/or are barred pursuant to authorities which include *City of Newport v. Fact Concerts, Inc.,* 101 S.Ct. 2478 (1981), A.R.S. §12-820.04, and/or any other constitutional, statutory, regulatory, and/or common law principle.  They further assert that none of the acts, omissions, or other conduct alleged as to them rise to the level authorizing an award of punitive damages, even if allowed.

6. Defendants assert the City of Surprise Police Department is not a jural entity for purposes of claim brought under federal or state law.

7. Defendants assert Plaintiff is wholly, comparatively, and/or contributorily at fault.

8. Defendants assert that other parties, either named or not named, are wholly, comparatively, and/or contributorily at fault.

9. Defendants assert they acted lawfully at all times.

10. Defendants assert the absence of *respondeat superior*, the absence of other forms of vicarious liability, or any form of joint and several liability, as to the conduct of any person, and the absence of *Monell* liability.

11. Defendants plead intervening and/or superseding causes.

12. Defendants assert failure to exhaust administrative remedies including, but not limited to, those administrative remedies and/or notices required by A.R.S. 12-821.01.

13. Defendants raise the defense provided for by A.R.S. §12-716 defense/presumption re use of force and use of force policy and training.

14. Defendants do not presently have specific facts in support of the following defenses, but wish to put Plaintiff on notice that they raise these defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, the doctrine contained in *Heck v. Humphrey,* discharge in bankruptcy, duress, estoppel and/or waiver, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, collateral estoppel or issue preclusion, and statute of frauds.

WHEREFORE, Defendants respectfully pray that Judgment be entered in their favor, and against Plaintiff, and that they be awarded all attorneys' fees, costs, and other forms of relief authorized by law or deemed just by this Court.

DATED this 27th day of August, 2021.

JELLISON LAW OFFICES, PLLC

s/James M. Jellison
James M. Jellison
*Attorneys for Defendants City of Surprise Police Department, Kopronica, Knight, and Anderson*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on August 27, 2021, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrant, and by U.S. Mail to the following:

Jabrill Caldwell-Parker
17317 W. Acapulo Ln.
Surprise, Arizona 85388
inventingwill@gmail.com
*Plaintiff pro per*

Trinitee Sapp
9450 W. Cabela Dr., Apt 4367
Glendale, Arizona 85305
Trinitee_Sapp@hotmail.com
*Defendant pro per*

s/James M. Jellison