**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jabril Caldwell-Parker, | No. CV-21-01088-PHX-DWL (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Surprise Police Department, et al., | |
| Defendants. | |

In January 2022, *pro se* Plaintiff Jabril Caldwell-Parker ("Plaintiff") showed up late for his deposition, refused to answer certain questions, and then left. In response, Defendants moved for sanctions. After receiving briefing and holding a show-cause hearing, Magistrate Judge Boyle—to whom this case has been referred for pretrial proceedings—issued a report and recommendation ("R&R") concluding that Defendants' motion should be granted. (Doc. 67.)

Now pending before the Court are Plaintiff's objections to the R&R. (Docs. 70, 71.) For the following reasons, the objections are overruled and the R&R is adopted.

**BACKGROUND**

In this action, Plaintiff asserts claims under 42 U.S.C. § 1983 against the Surprise Police Department ("SPD") and various members of the SPD for, *inter alia*, "violat[ing] the Fourth Amendment by encouraging and enacting an unjustifiable arrest leading to an unfair[] court warrant" and violating the Fifth Amendment via an "unlawful seizure." (Doc. 14 at 1-4.) The action has been referred to Judge Boyle for all pretrial proceedings.

(Doc. 2.)

On January 21, 2022, Plaintiff's deposition was scheduled to take place at 9:30 a.m. at defense counsel's office. (Doc. 48.) Plaintiff arrived approximately two hours late, then refused to answer certain questions before leaving. (Doc. 67 at 1.) Afterward, Defendants filed a motion for sanctions. (Doc. 54.) The motion sought the dismissal of Plaintiff's lawsuit, "or, at the very minimum, . . . an award of attorney's fees." (*Id.* at 1.)

Upon receipt of the motion, Judge Boyle scheduled a show-cause hearing for February 14, 2022. (Doc. 55.) After Plaintiff filed various briefs (Docs. 57, 58, 61-64) and following the hearing (Doc. 65), Judge Boyle issued an R&R concluding that Defendants' motion should be granted and that Defendants should be awarded the reasonable costs and fees associated with the failed deposition and with their efforts to pursue sanctions. (Doc. 67.) The R&R explains: "[T]he undisputed facts show that Plaintiff has intentionally delayed and frustrated Defendants' ability to fairly conduct Plaintiff's deposition. Plaintiff's failure to timely appear at the deposition, followed by his abrupt departure less than an hour later, essentially amount to failing to appear at the deposition at all." (*Id.* at 7.)

On February 24, 2022, Plaintiff filed objections to the R&R. (Docs. 70, 71.) Plaintiff's objections read, in their entirety, as follows:

> The opposing counsel ultimately contradicts themselves trying to retaliate out of frustration about their position within the case. It is fact that the deposition recorded was full of discovery questions which were claimed to be 'preliminary' when all the information was irrelevant based on previous objections submitted by the Plaintiff. (Any syntactic or grammatical error made by the pro se shall be logically excused by Fed.R. 52. and Fed.R 61.) They barely have purpose in using my deposition other than for malicious/manipulative intent (which can be deduced from them not using Trinitee's deposition who is just as valuable as a witness as he.) The Plaintiff objects the sanction since they were also granted another day to ask specific testimonial questions which should be well-prepared. The time spent was wasted by opposing counsel which is impeding a speedily case review. This further delay could be viewed as a waste of time since there is a huge push for discovery without any validity as to why they would need any information that has already been given or that could be publicly found. The

> Plaintiff is not responsible for the defenses' expenses unless ordered since they do not pay his. In conclusion, the Plaintiff shall attend a prompt deposition to proceed.

(*Id.*)

On March 1, 2022, Defendants submitted a supplement in which they calculated the costs and attorneys' fees associated with the failed deposition and the sanctions request. (Doc. 72.) The total sum requested is $7,650.10. (*Id.* at 1.)

Plaintiff's deposition was rescheduled for March 16, 2022. (Doc. 69.) The record reflects that Plaintiff once again showed up late and once again was disruptive after he arrived, which prompted defense counsel to call Judge Boyle's chambers for emergency relief. (Doc. 73.) As Judge Boyle summarized in a minute entry issued following the telephonic conference:

> The Court was informed that Plaintiff brought and played a Playstation during his deposition, which began earlier this morning. The parties appeared over the telephone for a discussion with the Court. Plaintiff agrees that he brought a Playstation and a 32-inch monitor to his deposition. He agreed he was playing the game "passively" during the deposition. . . . The Court finds the use of a Playstation during a deposition is both sufficiently disruptive and disrespectful that Plaintiff is ordered to unplug the game, place it aside, and not use the Playstation, book, magazine or phone during the remainder of the deposition. Plaintiff is also ordered to comply with requests from the court reporter regarding not interrupting or talking over Defendant's counsel during the deposition. This is required so the court reporter can adequately record the proceeding. Plaintiff will submit to the deposition until no later than 4:15PM today. If a break occurs, it shall extend the deposition by the length of the break. The Court notes that Plaintiff also agreed he was 15 minutes late for his scheduled deposition. He stated that his phone sent him to an incorrect location near a golf course, which caused his delay.

(*Id.*)

## DISCUSSION

I. <u>Standard Of Review</u>

Under 28 U.S.C. § 636(b)(1), a magistrate judge is empowered to "hear and determine" non-dispositive motions and to issue "proposed findings of fact and

recommendations for the disposition" of dispositive motions. *Id.* The former are reviewed under the deferential "clearly erroneous or contrary to law" standard while the latter are reviewed de novo. *Id. See generally Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

Although an order awarding attorneys' fees as a discovery sanction is usually considered non-dispositive,[1] the District of Arizona's Local Rules of Civil Procedure provide that, "[i]n any motion in which the parties are seeking the sanctions provided for in Rule 37(b)(2)(A), (B), or (c), Federal Rules of Civil Procedure, if the Magistrate Judge is inclined to grant such requests the Magistrate Judge shall be limited to filing a report and recommendation with the District Court." LRCiv 72.2(a)(1). Accordingly, the order resolving Defendants' motion was issued as an R&R rather than as a final order. This means that Plaintiffs' objections are reviewed de novo. *See also* Fed. R. Civ. P. 72(b)(3).

Even so, a district judge is not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, a district judge need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

---

[1] See S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 447-48 (2022) ("Some cases have made blanket statements suggesting that discovery sanctions are always nondispositive. The prevailing view, however, is that a motion for discovery sanctions under Rule 37 can be either dispositive or nondispositive depending on the sanction the magistrate judge chooses, and the magistrate judge's decision is reviewed accordingly.").

II. <u>Analysis</u>

The Court has conducted a *de novo* review of the R&R and fully agrees with its findings and conclusions. Plaintiff made a mockery of his deposition by showing up late, refusing to answer questions, and then abruptly leaving. Sanctions are easily warranted in this circumstance, and Plaintiff's objections do nothing to alter this conclusion.

The Court has further reviewed Defendants' supplement of March 1, 2022, which establishes that Defendants incurred a total of $7,650.10 in recoverable costs and attorneys' fees. (Doc. 72.) The Court is satisfied with Defendants' showing on this point.

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's objections to the R&R (Docs. 70, 71) are **overruled**.

(2) The R&R (Doc. 67) is **adopted**.

(3) Defendants' motion for sanctions (Doc. 54) is **granted**.

(4) Plaintiff is ordered to pay $7,650.10 to Defendants. Payment is due within 14 days of the issuance of this order. Failure to timely satisfy this obligation may result in the imposition of additional sanctions.

Dated this 17th day of March, 2022.

Dominic W. Lanza
United States District Judge