**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jabril Caldwell-Parker, | No. CV-21-01088-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Terri Calabrese-Kopronica, et al., | |
| Defendants. | |

Pending before the Court is a motion for $28,274 in attorneys' fees by Defendants Calabrese-Kopronica, Knight, and Anderson (together, "Movants"). (Doc. 132.) For the following reasons, the motion is granted in part and Movants are awarded $20,623.90.

**RELEVANT BACKGROUND**

Plaintiff Jabril Caldwell-Parker ("Plaintiff") brought this *pro se* civil rights action under 42 U.S.C. § 1983 against Movants, all of whom are affiliated with the Surprise Police Department ("SPD"). (Doc. 13.)[1]

In January 2022, Plaintiff "made a mockery of his deposition by showing up late, refusing to answer questions, and then abruptly leaving." (Doc. 74 at 5.) Among other things, Plaintiff "brought a Playstation and a 32-inch monitor to his deposition . . . [and] was playing the game 'passively' during the deposition" and had to be admonished "to comply with requests from the court reporter regarding not interrupting or talking over

---

[1] Plaintiff also asserted state-law claims and sued two additional defendants (Trinitee Sapp and the SPD), but those claims and defendants were subsequently dismissed. (Docs. 49, 77.)

Defendant's counsel during the deposition." (Doc. 73.) As a result, Movants and a co-defendant sought and were granted $7,650.10 in sanctions. (Doc. 74.) This sum was intended to provide reimbursement for various deposition-related time entries by defense counsel (and the defense paralegal) between December 30, 2021 and February 28, 2022 and certain deposition-related court reporter fees. (Docs. 72, 72-1.)

During the months following the issuance of the sanction award, the Court issued a series of orders that either struck or denied a stream of sometimes bizarre and often inscrutable filings by Plaintiff. (Docs. 76, 84, 85, 97, 110, 117.) Plaintiff also attempted to send improper *ex parte* communications to the Court and had to be advised not to do so. (*See, e.g.*, Doc. 125.)

Movants eventually filed both a motion for summary judgment (Doc. 87) and a motion for sanctions (Doc. 90).

On December 2, 2022, the Court issued an order granting Movants' motion for summary judgment. (Doc. 129.) In the same order, the Court denied, as moot, Movants' request for sanctions because that request primarily "[sought] the dismissal of Plaintiff's lawsuit and only request[ed] fees and costs as an alternative remedy." (*Id.*) That same day, the Clerk entered judgment in Defendants' favor. (Doc. 130.)

On December 16, 2022, Movants filed the pending motion for attorneys' fees. (Doc. 132.) The time to respond has now expired and Plaintiff has not filed a response.

On December 22, 2022, Plaintiff filed a notice of appeal concerning the summary judgment order and the judgment. (Doc. 133.) Because Plaintiff has not yet paid the filing and docketing fees for the appeal, the Ninth Circuit recently issued an order warning Plaintiff that his appeal is subject to dismissal. (Doc. 135.)

**ANALYSIS**

Under Local Rule of Civil Procedure 7.2(i), if a party does not file a response to a motion within the required timeframe, "such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." Here, the deadline for Plaintiff to respond to Movants' motion for attorneys' fees was December

30, 2022 (*i.e.*, 14 days after the motion was filed). See LRCiv 7.2(c). That deadline has now expired and Plaintiff has not responded. Accordingly, the motion is granted summarily under Local Rule 7.2(i), subject to the modification to prevent double-counting discussed below.

Even if summary treatment weren't appropriate here, Movants would be entitled to relief on the merits. "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). "The Supreme Court has instructed that a prevailing defendant in a § 1983 action is entitled to an attorney's fees award under § 1988 only when the plaintiff's action is 'frivolous, unreasonable, or without foundation.' In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid 'post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (citations omitted). "Under this standard, an unsuccessful plaintiff who acted in good faith is generally not at risk of having to pay the other side's attorney's fees." *Akiak Native Cmty. v. U.S. EPA*, 625 F.3d 1162, 1166 (9th Cir. 2010). These principles reflect "the well-established rule" that a prevailing defendant in a civil rights action "should only receive an award of attorneys' fees in extreme cases." *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 646 (9th Cir. 1999).

The stringent standard for a prevailing-defendant fee award is satisfied here. As Movants cogently summarize in their motion:

> It was clear at the time Plaintiff filed the Complaint that the alleged actions amounted to nothing more than ordinary police action when confronted with an uncooperative person [Plaintiff] who had undoubtedly committed a crime against Trinitee Sapp (assault, also under circumstances amounting to disorderly conduct) and then resisted the lawful arrest that followed. The frivolous nature of the action is revealed in the Sapp video of the assault itself, the body worn camera of the law enforcement personnel on scene, and this Court's Orders. This Court easily accepted that the Surprise Police

> Department was a non-jural entity and could not be sued, and that Plaintiff filed his lawsuit without providing any Defendant the 60-day statutory period to consider the Notice of Claim. Plaintiff should have recognized from the beginning that all state law claims were not supported by adherence to the mandatory notice of claim requirements. Additionally, the state law claims were groundless from the beginning for the same reasons explained in this Court's Order on the Rule 56 Motion. In its December 2, 2022 Order, this Court was clear that the undisputed evidence was that Plaintiff had committed several crimes, and then actively resisted a lawful arrest. The Court's Order was clear that Plaintiff's Fifth, Sixth, and Eighth Amendment claims had no application at all under the facts of the case. Ultimately, Plaintiff was convicted on criminal charges of disorderly conduct and resisting arrest, which he did not appeal. Plaintiff, nonetheless, continued with the instant lawsuit even though he had no factual or legal argument against the application of the doctrine in *Heck v. Humphrey*. This Court's description of the indisputable evidence shows the claim to be frivolous, unreasonable and without foundation.

(Doc. 132 at 7, citations omitted.) Additionally, as mentioned above and discussed at more length in earlier orders, Plaintiff repeatedly made a mockery of these proceedings and showed disrespect for his adversaries, the proceedings, and the Court. To be clear, the Court is not imposing fees against Plaintiff based on that conduct. Rather, to the extent that conduct is relevant at all here, it is simply serves as further proof, albeit indirect, of the baseless nature of Plaintiff's claims and the frivolousness of this entire lawsuit.

Finally, the Court notes that it has independently reviewed the time entries and hourly rates of Movants' counsel and concludes they are reasonable, with one exception. The exception is that Movants appear to be seeking reimbursement for the same deposition-related activities and expenses that gave rise to the earlier $7,650.10 sanction award. (*Compare* Doc. 72-1 *with* Doc. 132-3.) To enter another order requiring Plaintiff to provide reimbursement for those activities and expenses would amount to impermissible double-counting. If the $7,650.10 sanction has not yet been paid, that sum is overdue and must be paid immediately.

…

…

Accordingly,

**IT IS ORDERED** that Movants' motion for attorneys' fees (Doc. 132) is **granted in part**. Payment to Movants in the amount of $20,623.90 is due within 14 days of the issuance of this order.

Dated this 10th day of January, 2023.

Dominic W. Lanza
United States District Judge